IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIJAH ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 3:10-CV-01699-N |
| | § | |
| CITY OF MESQUITE and | § | |
| JOHNATHAN YATES | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE TO
<u>DEFENDANT JONATHAN YATES' MOTION FOR SUMMARY JUDGMENT</u>**

TO THE HONORABLE DAVID C. GODBEY:

COMES NOW, Plaintiff Elijah Robinson, hereinafter "Robinson," by and through his undersigned attorneys, and files this Brief in Support of his Response to Defendant Johnathan Yates' (hereinafter "Defendant Yates") Motion for Summary Judgment.

i

# **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
|  | Table of Authorities | iii |
|  | Statutes | iv |
| I. | Introduction | 1 |
| II. | Intent to Use Evidence | 2 |
| III. | Statement of Facts | 2 |
| IV. | Arguments and Authorities | 4 |
|  | A. Legal Standard for Qualified Immunity | 4 |
|  | B. Yates is not Entitled to the Defense of Qualified Immunity | 6 |
|  | C. Defendant Violated Clearly Established Constitutional and State Law Rights | 10 |
| V. | Alternative Request for Leave to Amend | 12 |
| VI. | Conclusion | 12 |
| VII. | Prayer | 13 |

# TABLE OF AUTHORITIES

Cases                                                                                       Page

*Anderson v. Creighton*,
    483 U.S. 635, (1987) ........................................................................................ 5, 11

*Autin v. City of Baytown*,
    174 Fed Appx 183 (5th Cir. 2005)................................................................. 10

*Ballard v Barton*,
    444 F 3d 391 (5th Cir. 2006) ........................................................................ 10

*Campbell v. City of San Antonio*,
    43 F.3d 973, (5th Cir. 1995) ......................................................................... 5, 6

*Collier v Montgomery;*
    569 F. 3d 214, (5th Cir. 2009) ...................................................................... 11

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496, (5th Cir. 2000) ....................................................................... 5, 6

*Conley v. Gibson*,
    355 U.S. 41, (1957).......................................................................................... 5

*Flores v City of Palacios*,
    381 F 3d 391 (5th Cir. 2007) ........................................................................ 10

*Graham v. Connor*,
    490 U.S. 396. (1989)................................................................................5, 10, 11

*Hinojosa v. City of Terrell*,
    834 F.2d 1223, (5th Cir. 1998) ..................................................................... 12

*Hope v. Pelzer*,
    536 U.S. 730, (2002)...................................................................................... 11

*Ikerel v. Blair*,
    1010 F 3d 430 ( 5th Cir. (1996) .................................................................... 11

*Lee v. Ferraro*,
     284 F.3d 1188, (11th Cir. 2002) ................................................................................. 11

*Mercado v. City of Orlando*,
     407 F.3d 1152, (11th Cir. 2005) ................................................................................. 11

*Saucier v. Katz*,
     533 U.S. 194 (2001) ..........................................................................................5, 6, 10, 11

*Tennessee v Garner*,
     471 U.S. 1 (1985) ........................................................................................................ 11

*Williams v. Bramer*,
     180 F 3d 699 (5th Cir. 1999), clarified in rehearing by 186 F.3d 633 (5th Cir. 1999)

## **STATUTES**

                                                                                                 Page

42  USC  1983............................................................................................................................ 1

## I. INTRODUCTION

1.      It has been the law since 1985 when the United States Supreme Court decided _Tennessee v. Garner_, 47 U.S. 1, (1985) that deadly force is prohibited against a fleeing felon where the felon does not pose a significant threat of death or serious physical injury to a police officer or others at the scene.  Robinson filed suit against the various Defendants arising out of the unnecessary and senseless shooting in the back of Elijah Robinson.  The Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is filed only on behalf of the Defendant Yates, a City of Mesquite police officer.  Robinson further alleges and has plead that the actions of the Defendant Yates were a cause of the serious and permanent injuries to Robinson which includes among others, permanent paraplegia.  Robinson Appendix pg. 27-29.  Robinson was hospitalized for 30 days at Baylor Medical Center and later at rehabilitation facilities.  Robinson alleges that Defendant Yates deprived Robinson of rights secured to him by the Constitution of the United States of America and that the deprivation of those rights, among other causes of action, caused Plaintiff's injuries.   Defendant Yates' conduct was in violation of Robinson's clearly established rights and Defendant Yates' conduct was not objectively reasonable.  Defendant Yates denies the allegations generally, and states that Plaintiff has failed to establish a violation of his rights under 42 USC 1983.  Defendant Yates also states with self-serving evidentiary support, that a reasonable police officer, under the circumstances of this case, could have determined that he was justified in using deadly force by shooting Robinson in the back.  A Dallas County Grand Jury was sufficiently concerned with Defendant Yates' conduct that he was indicted on March 29, 2010, for aggravated assault with a deadly weapon.  The case remains pending. Robinson Appendix pg. 31-32.

## II. INTENT TO USE EVIDENCE

2. Robinson's response and brief in support is based upon the pleadings and all other documents on file with the Court, as well as the following which are specifically included in the accompanying Appendix and are incorporated herein by reference:

- a. Exhibit 1, Robinson's Original Complaint;
- b. Exhibit 2, Robinson's Rule 7 Reply to Defendant Yates' qualified immunity defense;
- c. Exhibit 3, Affidavit of Elijah Robinson;
- d Exhibit 4, Excerpts from Robinson's medical records at Baylor Hospital;
- e Exhibit 5, Excerpts from Robinson's medical records at Baylor Hospital;
- f. Exhibit 6, Dallas County Criminal Background Check for Defendant Yates;
- g. Exhibit 7, In car Video Officer Doyle (CD);
- h. Exhibit 8, In car Video Officer Yates (CD);
- i. Exhibit 9, In car Video Officer Sierra (CD);
- j. Exhibit 10, In car Video Officer Florence (CD);
- k. Exhibit 11, In car Video Officer Chauter (CD);
- l. Exhibit 12, Traffic Camera Town East at Emporium West (CD).

**SUMMARY**

## III. STATEMENT OF FACTS

3. In Defendant Yates' Brief in Support, he cites five and a half pages of facts. The significant portion of those pages is devoted to promoting the theory that Robinson was advancing toward the officers and that they were in fear of their lives, therefore his conduct was

reasonable. However, the dash cam videos, Robinson Appendix pg. 33 Exhibits 7 and 12, do not support this assertion.[1] In fact, they show Robinson fleeing the scene and being shot in the back. Upon the arrival of the City of Mesquite EMS to transport Robinson to the hospital, the paramedics noted Robinson had a gunshot wound to the back. Robinson Appendix, pg. 24.

  4. As grounds for summary judgment based on qualified immunity Defendant cites the following facts:

    A. Defendant received a teletype that said a white male driving a car with paper tags had a gun and was suicidal;

    B. Robinson was rushing toward the Defendant officer in a "threatening manner";

    C. Defendant Yates shot Robinson in the back "out of fear and concern for his safety and the safety of his fellow officers."

  5. Defendant also admits that Robinson was not armed, was black and therefore was not the white male driving a car with paper tags. The <u>only</u> similarity between the teletype received by the Defendant and Robinson was the type of car being driven. The driver was black, not white, and the tags were permanent metal tags, not temporary paper tags. In addition, the video of the scene clearly shows Robinson coldly being shot in the back. Robinson Appendix pg. 33 Exhibits 7 and 12. Additionally, the medical records state "gunshot in the back." Robinson Appendix 27-29. The Defendant Yates' conduct was so unreasonable that he was indicted for his crime. Robinson Appendix pg. 31-32. Absent from the drawings submitted by the Defendant Yates, Yates Appendix pg. 7, are the identifications of the vehicles and the

---

[1] The actual shooting was recorded by Officer Doyles' in car video camera and the traffic camera at Town East at Emporium West. The cameras on Sienna's and Yates' vehicles were on but did not record the shooting because of the direction.

locations of the officers. Doyle's vehicle is directly behind Robinson, on Doyle's right is Sierra's vehicle, on Sierra's right is Yates' vehicle and behind Doyle's vehicle is Solis' vehicle.

6. After obeying three commands from Officer Doyle, Robinson suddenly exited the vehicle and began to flee. Defendant Yates then shot Robinson in the back with an SKS rifle as he was running away. Yates Appendix pg 4 and Robinson Appendix pg. 33 Exhibits 7 and 12. Although there is no question Robinson was shot in the back, all the polices officers' affidavits attempt to support Defendant Yates either implying Robinson was advancing toward the officers or that it appeared that Robinson had a weapon. It is also undisputed that Robinson was not armed. Additionally, the video cam evidence shows that no officer was in danger, the video simply shows Robinson trying to flee. Robinson Affidavit, Robinson Appendix pg. 33 Exhibit 7. Interestingly, one of the first things that can be heard on the Doyle video, Robinson Appendix 7 at between 2-3 minutes, is an unidentified officer asking Robinson "why you running?"

### IV. ARGUMENTS AND AUTHORITIES

**A.     A Legal Standard for Qualified Immunity.**

7. In summary, Robinson's allegations are that at approximately 00:15 am on December 26, 2009, Robinson was stopped by Officer Cory Doyle of the Mesquite Police Department in the 1700 block of N. Town East Blvd., in Mesquite, Dallas County, Texas, for driving without lights and supposedly in a vehicle being sought by the Rockwall PD. However, by the time the vehicle was pulled over the officers should have known that the vehicle being stopped was not the vehicle sought by Rockwall but rather was a different vehicle that had been reported as stolen.

8. The Court may dismiss Plaintiff's claims pursuant to Defendant's Rule 56 Motion if "it appears beyond doubt that [Plaintiffs] can prove no set of facts in support of [their] claim

which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In analyzing Defendant's Motion for Summary Judgment, the Court must accept as true all of the allegations in Plaintiff's Original Complaint and Amended Rule 7 Response, along with any conclusions and inferences that can reasonably be drawn from those allegations. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

9. Defendant's request for dismissal based on qualified immunity must be denied if Robinson has plead that Defendant Yates violated a clearly established Constitutional right and that his conduct was objectively unreasonable under the circumstances presented. *See Saucier v. Katz*, 533 U.S. 194, 201-02 & 206-07 (2001). As a general proposition, the "use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness." *Id.* at 202. In determining reasonableness, the Court is to consider the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest . . ." *Graham v. Connor*, 490 US 386, 396 (1989). As for whether a right is clearly established, the "relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. It is important in this context to note that "the very action in question [need not have] previously been held unlawful" for Plaintiff to defeat qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

**B.      Yates is not Entitled to the Defense of Qualified/Official Immunity.**

10.     In analyzing Defendant's Motion for Summary Judgment, the Court must accept as true all of the allegations in Plaintiff's Original Complaint and Amended Rule 7 Response[2], along with any conclusions and inferences that can reasonably be drawn from those allegations. *See Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498 (5th Cir. 2000); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  The affidavits provided by the Defendant were all given shortly after the shooting and are inconsistent.  Numerous affidavits attempt to portray Elijah Robinson as advancing toward the officers.  However, Elijah Robinson was shot in the back.  Elijah Robinson was running away from the officers and not toward them.  When reviewing the dash cam videos, it is apparent that Elijah Robinson was attempting to flee.  The affidavits are not supported by the videos.  Robinson Appendix pg. 33 Exhibits 7 and 12.  Robinson's affidavit likewise states that he was running away from the officers.  Robinson Appendix pg. 2.

11.     Defendant Yates has attempted to raise the defense of qualified immunity in this case.  Defendant Yates has asserted arguments of qualified immunity only to Robinson's claims of excessive force and assault and battery.  The analysis is the same for each and every of those listed claims - has Plaintiff properly plead the violation of a Constitutional [or state law] claim and has Plaintiff properly plead that the officer's conduct was unreasonable under the circumstances.  *See Saucier v. Katz*, 533 U.S. 194, 201-02 & 206-07 (2001).

12.     Finally, based on the facts alleged by Robinson, no reasonable police officer could have believed the conduct of the Defendant Yates was consistent with Elijah Robinson's Constitutional rights.  This inquiry is obviously intertwined with the *Graham* factors and whether

---

[2] Robinson's Rule 7 Response mistakenly places Defendant Yates in the position actually occupied by Officer Doyle and Robinson has requested leave to amend that response which was filed prior to Robinson receiving discovery responses.

6

the right was well-established, and Robinson will not belabor the points already discussed above. *See* Saucier, 533 U.S. at 209, (Ginsburg, J., concurring). However, as has been shown above, no reasonable officer could believe that the use of such deadly force on an unarmed man who is providing no resistance and was attempting to flee is reasonable or consistent with the Constitutional rights of Robinson. Defendant Yates has listed fourteen reasons, Yates' Brief pg. 12-13, in this case to which he claims would justify his use of deadly force and make his conduct reasonable. However, these reasons are generally inconsistent with the facts:

>(1) Officer Yates was responding to assist a felony "high risk stop";
>
>RESPONSE: The City of Mesquite officers did execute a high risk stop.
>
>(2) The suspect vehicle was reported stolen;
>
>RESPONSE: The vehicle was reported as stolen, however, the vehicle being sought by Rockwall was not a stolen vehicle.
>
>(3) The suspect vehicle matched the description of the Rockwall PD teletype, which advised officers that the drive of the silver Chrysler 300 was "threatening to shoot anyone who approaches him";
>
>RESPONSE: Any reasonable officer should have known that the vehicle was not the same vehicle as in the Rockwall PD teletype, as the license plates were clearly different and the Rockwall PD teletype did not refer to a stolen vehicle.
>
>(4) the suspect was "known to use drugs";
>
>RESPONSE: Any reasonable officer should have known that the vehicle was not the same vehicle as in the Rockwall PD teletype, as the license plates were clearly different and the Rockwall PD teletype did not refer to a stolen vehicle.

7

(5) the suspect called his family to tell his mom that he has a gun now and she better call off the police;

RESPONSE: Any reasonable officer should have known that the vehicle was not the same vehicle as in the Rockwall PD teletype, as the license plates were clearly different and the Rockwall PD teletype did not refer to a stolen vehicle.

(6) a patrol sergeant, Sgt. Pontillo, advised Officer Yates and the other officers to use caution because the subject was armed with a gun;

RESPONSE: Any reasonable officer should have known that the vehicle was not the same vehicle as in the Rockwall PD teletype, as the license plates were clearly different and the Rockwall PD teletype did not refer to a stolen vehicle.

(7) officers had requested a helicopter be placed on standby;

RESPONSE: Any reasonable officer should have known that the vehicle was not the same vehicle as in the Rockwall PD teletype, as the license plates were clearly different and the Rockwall PD teletype did not refer to a stolen vehicle.

(8) in blatant disobedience to Officer Doyle's command, Plaintiff suddenly and aggressively flung the car door open and quickly exited the vehicle toward the officers;

RESPONSE: The video does not support the door being aggressively open or Elijah Robinson quickly exiting the vehicle towards officers. Rather, Elijah Robinson's back was to the officers when Defendant Yates shot Elijah Robinson.

(9) as did other officers, Officer Yates believed Plaintiff had something in his hand, which Officer Yates believed to be a handgun;

RESPONSE: Elijah Robinson was unarmed and no one except Defendant Yates believed Elijah Robinson had anything in his hands.

8

(10) as did other officers, Officer Yates believed Plaintiff was moving toward officers in an aggressive and threatening manner;

RESPONSE: The video does not support this.

(11) as did other officers, Officer Yates feared for his safety and the safety of his fellow officers;

RESPONSE: Fearing for your safety and the safety of other officers does not justify shooting Elijah Robinson in the back when Robinson who was unarmed posed no risk to the officers and was fleeing from the officers on foot.

(12) Plaintiff was looking in the direction of other officers and his left arm was moving upwards in the direction of the officers;

RESPONSE: The video does not support this conclusion.

(13) Officer Yates observed Plaintiff rapidly move his arm up towards another officer, believing the suspect was going to shoot;

RESPONSE: The video does not support this conclusion.

(14) Officer Yates believed force was necessary to protect the other officer;

RESPONSE: If Defendant believed force was necessary it was no longer necessary when Elijah Robinson turned his back to the officers and attempted to flee.

Therefore, since Robinson's claims must be taken as true, this Court cannot determine that the Defendants Yates' conduct was reasonable, as a matter of law.

13. Again, in this case, there is no issue of material fact as to whether the officers' conduct was unreasonable. Elijah Robinson has plead and has provided the dash camera video. The issue becomes whether the Plaintiff has plead violations of his Constitutional and state law rights.

**C.     Defendant Violated Clearly Established Constitutional and State Law Rights**

14.     Elijah Robinson had a Constitutional right to be free from excessive force. <u>Saucier</u>, 533 U.S. at 202 Tennessee 471 US at 3.  To avoid dismissal on this claim, Plaintiff must allege that "(1) he suffered a significant injury; (2) resulting directly and only from the use of force that was clearly excessive to the need; and (3) the force used was objectively unreasonable." <u>Autin v. City of Baytown</u>, 174 Fed. Appx. 183 (5th Cir. 2005). <u>Ballard v. Barton</u>, 444 F 3d 391, 402 (5th Cir. 2006) (citing <u>Flores v City of Palacios</u>, 381 F.3d 391, 396 (5th Cir. 2007).  Whether the force was "clearly excessive to the need" and was objectively unreasonable" are intertwined.  The inquiry requires the Court to consider the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest."  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

15.     Robinson has directly alleged without contradiction that Elijah Robinson suffered serious injuries as a result of Defendant Yates' conduct.  In addition, Robinson has alleged that pursuant to the Fourth and/or Fourteenth Amendments, there was no need for excessive force. Elijah Robinson posed no objective threat to the individual officers on the morning of December 26, 2009.  Elijah Robinson had no weapon and there is no allegation that the officers reported seeing a weapon as Robinson exited the vehicle, except for Defendant Yates. While they had been advised the suspect in the Rockwall teletype had a weapon, the officers by the time they stopped the Robinson's vehicle should have been aware the vehicle they were stopping was not the vehicle mentioned in the Rockwall teletype.

16.     In determining whether the Constitutional right that was violated is clearly established, the "relevant, dispositive inquiry . . . is whether it would be clear to a reasonable

10

officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. It is important in this context to note that "the very action in question [need not have] previously been held unlawful" for Plaintiff to defeat qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 650 (1987). In fact, there are at least three ways in which such a showing can be made. The first is to point to a "materially similar case" that has been decided that the conduct was unlawful. *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). The second is to "show that a broader, clearly established principle" from either the Constitution, statute, or caselaw, "should control the novel facts in this situation." *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005) (citing *Hope v. Pelzer*, 536 U.S. 730, 740 (2002)). The third is to show "that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack" of caselaw. *Lee*, 284 F.3d at 1199.

17.   Robinson has cited the Court to *Tennessee v. Gardner*, 471 US 1 (1985). In addition, Plaintiff would direct the Court to *Ikerel v. Blair*, 101 F 3d 430 ( 5th Cir. 1996), *Williams v. Bramer*, 180 F 3d 699 (5th Cir. 1999), clarified on rehearing by 186 F. 3d 633 (5th Cir. 1999), and *Collier v. Montgomery,* 569 F. 3d 214 (5th Cir. 2009). All of these cases stand for the common-sense proposition that the use of excessive force on an individual who does not pose any threat and who, at worst, is allegedly not being fully compliant with oral commands while not being physically violent is excessive and in violation of that person's rights under the United States Constitution.

18.   In addition, there can be no doubt but that the use of significant/excessive force in a situation that calls for no force strikes at the very core of what the Fourth Amendment prohibits. In this context, the *Graham* factors set forth above come into play again and, as has

11

been shown, illustrate that the force used was so disproportionate to the need and the circumstances as to make it such that no reasonable police officer could believe that shooting a fleeing suspect in the back is an appropriate response to an unarmed man who is not acting aggressively or posing any threat to the officers.

19. Robinson has properly plead a cause of action assault and battery against Defendant Yates. The Texas Penal Code subjects an individual (including a government actor) to civil liability if the actor is not "privileged" to engage in that conduct. <u>Hinojosa v. City of Terrell</u>, 834 F.2d 1223, 1231 (5th Cir. 1998). Defendant Yates seems to believe that since Robinson committed a traffic violation and was driving a vehicle reported as stolen, Defendant Yates was privileged to intentionally or knowingly cause physical injury to Elijah Robinson. Accordingly, Defendant Yates is not entitled to judgment as a matter of law on Robinson's claims of assault and battery based upon their defense of official immunity.

## V. ALTERNATIVE REQUEST FOR LEAVE TO AMEND

20. In the alternative, if the Court grants Defendants Yates' Motion for Summary Judgment in whole or in part, Robinson respectfully requests leave to amend their complaint to comply with any order from the Court.

## VI. CONCLUSION

21. The Defendant Yates, when confronted with a situation that called for no force used excessive, brutal and potentially deadly force on Elijah Robinson. The Defendant Yates may have been conducting a high risk stop but, the forced used by the Defendant Yates was wholly disproportional to the situation with which he was confronted, a fact of which he was aware and which no reasonable police officer could not know. The Defendant Yates is not

12

entitled to the protection of qualified immunity and his Motion for Summary Judgment must be denied.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the court sustain Robinson's Objections, that the individual Defendant Yates' Motion for Summary Judgment be denied, and for such other and further relief, both at law and in equity.

Respectfully submitted,

\_\_\_/S/ Thomas L.  Cox, Jr. _____
Thomas L. Cox, Jr.
Bar No. 04964400
2414 North Akard Street, Suite 700
Dallas, TX. 75201
214-522-5222 Phone
214-855-7878 Fax

and

THE LAW OFFICES OF JAMES C. BELT

\_\_\_/S/ James C. Belt_____
James C. Belt
Bar No. 02109300
4510 Malcolm X. Blvd.
Dallas, TX  75212-4311
214-420-3791 Phone

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record via electronic mail this 11th day of March, 2011.

\_\_\_/S/ Thomas L. Cox, Jr. _____