IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIJAH ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1699-N |
| | § | |
| CITY OF MESQUITE AND JOHNATHAN YATES, | § § | |
| | § | |
| Defendants. | § | |

### **ORDER**

This Order addresses Defendant Johnathan Yates's motions for summary judgment and a protective order [20 and 23, respectively]. The Court denies Yates's motion for summary judgment because there is a genuine issue of material fact about whether qualified immunity bars Plaintiff Robinson's suit. Consequently, the Court also denies Yates's motion for protective order as moot.

### I. ROBINSON'S CLAIMS

Robinson claims that Yates, a police officer for the City of Mesquite, unlawfully employed excessive force during a traffic stop. Robinson sues Yates under 42 U.S.C. § 1983 for the alleged violation of his Fourth Amendment rights. Yates received a police warning regarding an armed white male driving a silver Chrysler 300 with a temporary paper license plate. Yates's fellow officers observed a silver Chrysler 300 matching the warning's description. However, Robinson, an unarmed African-American male, was driving this particular Chrysler 300. Robinson's Chrysler was also distinguishable because it had a

permanent license plate. Another officer checked the license plate and realized that Robinson's Chrysler was stolen. The officer notified the Mesquite Police Department of the stolen vehicle and initiated a "high risk felony traffic stop." Yates assisted in this high risk felony traffic stop. This entire stop was captured by the officers' in-car/video recording systems. These videos show Robinson complying with verbal commands to turn the car off, roll the window down, and drop the keys out of the window. However, contrary to police command, Robinson got out of his car. Yates then shot Robinson. Paramedics noted that Robinson was shot in the back. Yates moves for summary judgment on the basis of qualified immunity.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, courts need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to

establish that there is a genuine issue of material fact and that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In doing so, the nonmovant may not rely on "naked assertions of an actual dispute" but instead "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *In re Lewisville Props., Inc.*, 849 F.2d 946, 950 (5th Cir. 1988) (citing *Anderson*, 477 U.S. at 255–56). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

### III. QUALIFIED IMMUNITY

"A public official performing a discretionary function is entitled to qualified immunity in a civil action for damages, provided his conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Gentilello v. Rege*, 627 F.3d 540, 545 (5th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (internal quotations omitted). "Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal* 628 F.3d 209, 211 (5th Cir. 2010). A plaintiff can rebut this defense "by establishing that the official's allegedly wrongful conduct violated clearly established law." *Id.* at 212. "While the right to be free from excessive force is clearly established in a general sense, the right to be free from the degree of force employed in a particular situation may not have been clear to a reasonable officer at the scene." *Lytle v. Bexar Cnty.*,

*Tex.*, 560 F.3d 404, 417 (5th Cir. 2009). Therefore, Robinson must show that his right to be free from excessive force would have been clear to a reasonable officer at the time he was shot. Robinson "need not present absolute proof, but must offer more than mere allegations." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009).

There is a genuine question of fact regarding whether Yates's force was reasonable at the time Robinson was shot. "An officer's use of deadly force, as in this case, is presumptively reasonable when the officer has reason to believe that the suspect poses a threat of serious harm to the officer or to others." *Id.* at 382-383. Yates claims that he believed that Robinson was the armed white male subject of the police warning. Yates maintains his actions were reasonable because Robinson exited the car and approached the police in an aggressive manner. Robinson, on the other hand, presents evidence that Yates could not have reasonably believed he was the armed subject of the police warning. First, his license plate was permanent while the subject's plate was temporary. Furthermore, the police ran his plate though their license check and determined that his car was not the vehicle being driven by the armed police subject, but a stolen vehicle. Finally, Robinson offers that Yates could not have reasonably believed he was the white male subject once he exited the car because he is African-American. Robinson also offers evidence that he was shot in the back and therefore may not have been aggressively approaching the police. Robinson's evidence presents fact questions regarding Yates's reasonableness.

Accepting Robinson's evidence, the Court concludes that it raises a fact issue regarding whether Yates acted reasonably when he shot Robinson. A rational jury could

conclude that it was unreasonable for Yates to think that Robinson was the subject of the warning. Furthermore, a rational jury could conclude that Robinson did not pose a significant risk of harm justifying the use of deadly force because there is evidence that he was shot in the back. The Court therefore denies Yates's motion for summary judgment on the basis of qualified immunity.

## CONCLUSION

Because Robinson presents evidence that creates a genuine issue of material fact, the Court denies Yates's motion for summary judgment. In view of this decision, the Court denies Yates's motion for protective order as moot.

Signed September 20, 2011.

_____
David C. Godbey
United States District Judge