IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ELIJAH ROBINSON,                      §
                                      §
          Plaintiff,                  §
                                      §
v.                                    §          Civil Action No. 3:10-CV-1699-N
                                      §
CITY OF MESQUITE AND                  §
JOHNATHAN YATES,                      §
                                      §
          Defendants.                 §

## ORDER

This Order addresses Defendant City of Mesquite's ("Mesquite") motion to dismiss

pursuant to FED. R. CIV. P. 12(b)(6) or, alternatively, motion for more definite statement [9].

The Court grants the motion to dismiss because Plaintiff Elijah Robinson fails to allege facts

that would overcome sovereign immunity.

## I. ROBINSON'S CLAIMS

Robinson is suing Mesquite and Defendant Johnathan Yates under 42 U.S.C. § 1983

for the alleged violation of his Fourth Amendment rights.  Robinson claims that Yates, a

Mesquite police officer, unlawfully employed excessive force when he shot Robinson during

a traffic stop.  Robinson alleges that Yates's use of force complied with Mesquite's policies,

procedures, practices, and customs as established by "the clear pattern of similar incidents

that resulted in other incidents before Plaintiff Robinson was shot."  Pl.'s Compl. 7 [1].

Robinson claims that Mesquite's policies gave its officers unfettered discretion to use deadly

force against citizens.  He also alleges that Mesquite failed adequately to train and supervise

its officers, which he claims proximately caused his injuries.  Robinson finally alleges that

his injuries stemmed from a use of tangible personal property.  Mesquite moves to dismiss

Robinson's claims against it under FED. R. CIV. P. 12(b)(6).

## II.  MOTION TO DISMISS STANDARD

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether

the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*,

42 F.3d 925, 931 (5th Cir. 1995).  According to the Supreme Court, a viable complaint must

include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough

fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or

element]."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v.

Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  A plaintiff is required to provide "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S.  at 555.  "Factual allegations must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)."  *Id.* (internal citations omitted).  To avoid dismissal for failure to

state a claim, a plaintiff  must plead specific facts, not mere conclusory allegations.  *Kane

Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Elliott v. Foufas*, 867

F.2d 877, 881 (5th Cir. 1989).

As the Supreme Court recently observed:

> Two working principles underlie our decision in *Twombly*. First, the
> tenet that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements, do not

suffice.  [*Twombly*, 550 U.S.] at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."  FED. RULE CIV. PROC. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50.

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### III. CONSTITUTIONAL CLAIM

Robinson's federal claims arise under 42 U.S.C. § 1983.  He first claims that Mesquite has "policies, procedures, practices, and customs" authorizing its officers to use excessive force.  Pl.'s Compl. ¶ 15.  In order to establish municipal liability under § 1983, a plaintiff must show "the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'"  *Valle v. City of Hous.*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  Thus, a plaintiff must demonstrate: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."  *Id.* (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002)); *see also Duvall v. Dallas Cnty., Tex.*, 631 F.3d 203, 209 (5th Cir. 2001).

Though Robinson alleges that Mesquite's policies, customs, and practices authorize officers to use excessive force, give officers unfettered discretion to arrest citizens without either warrant or probable cause, and give officers unfettered discretion to use deadly force, Pl.'s Compl. ¶ 15 [1], he fails to provide factual support for these allegations.  For example, Robinson claims that Mesquite's unconstitutional practices and policies are evidenced by "a clear pattern of similar incidents."  *Id.* at ¶ 30.  However, he does not list any specific policy or elaborate on the alleged similar incidents.  Without specificity, Robinson's allegations regarding Mesquite's policies, customs, and practices are merely conclusory and cannot overcome a motion to dismiss.

In addition to pointing to Mesquite's alleged policies, Robinson argues that Mesquite failed adequately to train its officers, resulting in Officer Yates's use of excessive force

ORDER – PAGE 4

against him. *Id.* at ¶ 17. A "failure to train" claim may form a basis for liability under § 1983 where a municipality's failure to train police officers amounts to "deliberate indifference to the rights of persons with whom police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A plaintiff must show that "(1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a 'moving force' in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy." *Valle*, 613 F.3d at 544. The fact that a particular officer is "unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program," such as an occasional negligent administration of an otherwise sound program or a one-time mistake. *City of Canton*, 489 U.S. at 390-91.

Though Robinson alleges that Mesquite failed to train its officers in "the use of guns," Pl.'s Compl. ¶ 28, he offers no factual support for this allegation beyond claiming that Officer Yates "improperly used his handgun even though use of force was unnecessary." *Id.* at ¶ 32. As with Robinson's argument regarding Mesquite's policies, practices, and customs, his "failure to train" claim is merely conclusory and cannot overcome a motion to dismiss.

## IV. SOVEREIGN IMMUNITY

Robinson also asserts an unspecified claim under state law against Mesquite. "Unless the Texas Tort Claims Act waives immunity, a municipality is immune from suit and from tort liability for its own acts or the acts of its agents for its governmental functions." *Gipson v. City of Dallas*, 247 S.W.3d 465, 469 (Tex. App.—Dallas 2008, pet. denied) (citing *Tex. Dep't*

*of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)).  The Texas Tort Claims Act

provides that a governmental unit is liable for:

> (1) property damage, personal injury, and death proximately caused by the
> wrongful act or omission or the negligence of an employee acting within his
> scope of employment if:
> (A) the property damage, personal injury, or death arises from the operation or
> use of a motor driven vehicle or a motor driven equipment; and
> (B) the employee would be personally liable to the claimant according to Texas
> law; and
>
> (2) personal injury and death so caused by a condition or use of tangible,
> personal or real property if the governmental unit would, where it a private
> person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE §101.021.  Robinson alleges he was personally injured by a

Mesquite officer who acting in his official capacity and using tangible personal property.

However, Robinson's allegations still do not overcome immunity because the Texas Tort

Claims Act does not apply to claims arising from assault, battery, false imprisonment, or other

intentional torts.  *Id.* § 101.057(2) ("This chapter does not apply to a claim arising out of

assault, battery, false imprisonment, or any other intentional tort . . . ."); *Benefit Realty Corp.*

*V. City of Carrollton*, 141 S.W.3rd 346, 349 (Tex. App.—Dallas 2004, pet. denied).

Robinson's excessive force allegation is an intentional tort and therefore not within the waiver

of sovereign immunity.  *See Lytle v. Bexar Cnty, Texas*, 543 F.Supp.2d 656, 662 (W.D. Tex.

2008) (applying state law, the court held that defendant officer's alleged use of excessive

force was intentional.)

### CONCLUSION

Robinson's constitutional claims against Mesquite lack the specificity necessary to overcome a motion to dismiss.  His state claims do not overcome Mesquite's sovereign immunity.  The Court therefore grants Mesquite's motion to dismiss.


Signed September 26, 2011.

David C. Godbey
United States District Judge